# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL MALENSKI, )
)
)
       Plaintiff, )
v. ) Case No. CIV-11-408-SPS
)
STANDARD INSURANCE )
COMPANY, )
)
       Defendant. )

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO SUBMISSION OF THE ADMINISTRATIVE RECORD AND DENYING PLAINTIFF'S MOTION TO EXPAND SAME

This is an action for benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). The Plaintiff challenges the Submission of Administrative Record [Docket No. 14] by the Defendant in two respects: (i) Plaintiff's Objections to Defendant's Proposed Joint Submission of Administrative Record [Docket No. 13]; and, (ii) Motion to Expand Administrative Record and Disclosure [Docket No. 16]. As set forth below, the Court finds that the objections should be overruled and the motion to expand should be denied.

    **a. Objections to the Submission of Administrative Record**

The Plaintiff objects to certain exhibits in the administrative record on evidentiary grounds, *e. g.*, (i) relevance under Fed. R. Evid. 803 (probably Rule 402); (ii) hearsay under Rule 803; and, (iii) prejudice under Rule 403. The Defendant contends that the Federal Rules of Evidence do not apply to an ERISA claim for two reasons: (i) a plan

administrator "is not a court of law and is not bound by the rules of evidence[,]" *Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F.3d 615, 622 n. 4 (7th Cir. 2008); *Bressmer v. Federal Express Corp.*, 213 F.3d 625, 625 (2nd Cir. 2000); and, (ii) the Court reviews the administrative record actually considered by the plan administrator, including exhibits ordinarily be excluded under the Federal Rules of Evidence. *Black v. Long Term Disability Insurance*, 582 F.3d 738, 746, n. 3 (7th Cir. 2009) ("The Federal Rules of Evidence, however, do not apply to an ERISA administrator's benefits determination, and we review the entire administrative record, including hearsay evidence relied upon by the administrator."), *citing Speciale*, 538 F.3d at 622, n. 4. The Court agrees, and accordingly the Plaintiff's Objections to Defendant's Proposed Joint Submission of Administrative Record [Docket No. 13] are hereby OVERRULED.

**b. Plaintiff's Motion to Expand Administrative Record and Disclosure**

The Plaintiff also seeks to expand the administrative record with more exhibits: (i) an affidavit by the Plaintiff (the beneficiary under the plan) relating his knowledge of the illness and death of the insured; (ii) an affidavit by the insured's mother refuting a note made by an emergency room doctor; and, (iii) a medical opinion by Dr. Dala R. Jarolim, M.D., F.A.C.P. disputing the insured's cause of death. The Plaintiff argues that he has met the requirements for supplementing the administrative record: (i) that the evidence is necessary; (ii) that the evidence could not have been presented to the administrator at the time it made its decision; (iii) that the evidence is not cumulative or repetitive; and, (iv) that the evidence is not merely "better evidence" than the beneficiary was able to present

during the claim review process. *See Hall v. Unum Life Insurance Company of America*, 300 F.3d 1197, 1203 (10th Cir. 2002). The Court does not agree.

First, the requirements cited by the Plaintiff for supplementing the administrative record apply only in cases in which *de novo* review is appropriate. Here, the parties seem to agree that the applicable standard is "arbitrary and capricious," which limits the Court to considering the record on which the plan administrator based its decision. *Hall*, 300 F.3d at 1201 ("[I]n reviewing a plan administrator's decision for abuse of discretion, the federal courts are limited to the 'administrative record'- the materials compiled by the administrator in the course of making his decision."), *citing Sandoval v. Aetna Life and Casualty Insurance Company*, 967 F.2d 377, 380-81 (10th Cir. 1992); *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1460 (10th Cir. 1991). *See also Geddes v. United Staffing Alliance Employee Medical Plan*, 469 F.3d 919, 928 (10th Cir. 2006) (indicating that the Court is permitted to "consider only evidence from the closed administrative record."). This is especially true when additional evidence would relate to questions of eligibility for benefits. *Murphy v. Deloitte & Touche Group Insurance Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010); *Sandoval*, 967 F.2d at 381 ("In effect a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision."). Simply put, a plan participant is not entitled to a second chance to prove that he is entitled to benefits. *Murphy*, 619 F.3d at 1159, *citing Sandoval*, 967 F.2d at 381.

Second, assuming *arguendo* that *de novo* review were the appropriate standard in this case, "ERISA policy strongly disfavors expanding the record beyond that which was available to the plan administrator." *Murphy*, 619 F.3d at 1159 n. 4, *quoting Jewell v. Life Insurance Company of North America*, 508 F.3d 1303, 1309 (10th Cir. 2007). And the Plaintiff has not shown that the additional evidence he proffers satisfies all of the *Hall* requirements. *See Jewell*, 508 F.3d at 1309 ("A party seeking to introduce evidence from outside the administrative record bears a significant burden in establishing that he may do so."). For example, the Plaintiff has made no showing that the additional evidence could not have been presented to the plan administrator prior to its decision; the Plaintiff clearly could have presented evidence during the administrative process, *see, e. g.,* Docket No. 14, STND 11-00843-00147 ("If you request a review, you will have the right to submit additional information in connection with your claim. For example, if you can provide us with medical documentation that Mrs. Malenski's existing Sickness did not cause or contribute to her death, we will review the claim again."), and there is nothing to suggest the affidavits now offered by the Plaintiff (two of which are from the Plaintiff himself and his mother-in-law) were unavailable at the time of the administrative process.

The Plaintiff suggests that the evidence he seeks to include in the administrative record relates to a potential conflict of interest. However, the Court cannot see how the additional evidence offered by the Plaintiff speaks to any potential conflict of interest or otherwise assists in understanding whether or to what extent a conflict of interest actually exists, *e. g.*, evidence of a plan administrator's financial interest in a claim. *See Murphy*, 619 F.3d at 1163. In any event, additional evidence is not always necessary for a court to

consider the impact of a conflict of interest on the eventual decision on a claim. *Id.* at 1163-64 ("[A] district court may be able to evaluate the effect of a conflict of interest on an administrator by examining the thoroughness of the administrator's review, which can be evaluated based on the administrative record. And, without further discovery, a district court may allocate significant weight to a conflict of interest where the record reveals a lack of thoroughness."). Indeed, the additional evidence offered by the Plaintiff seems more appropriately characterized as refuting the plan administrator's decision, and as such constitutes the prohibited "second bite of the apple" evidence that is not permitted in an ERISA case. *Jewell*, 508 F.3d at 1309 ("Supplemental evidence should not be used to take a second bite at the apple, but only when necessary to enable the court to understand and evaluate the decision under review."). Consequently, the Court finds that supplementation of the administrative record with the additional evidence proffered by the Plaintiff would be inappropriate, and the Plaintiff's Motion to Expand Administrative Record and Disclosure [Docket No. 16] should therefore be denied.

For the reasons set forth above, IT IS HEREBY ORDERED that the Plaintiff's Objections to Defendant's Proposed Joint Submission of Administrative Record [Docket No. 13] are hereby OVERRRULED, and the Plaintiff's Motion to Expand Administrative Record and Disclosure [Docket No. 16] is hereby DENIED.

IT IS SO ORDERED this 27th day of September, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma